## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| JULIUS E. LETT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CIVIL ACTION NO. 04-0582-CG-M |
| | : | |
| UNITED STATES MARINE CORPS, et al., | : | |
| | : | |
| Defendants. | : | |

### ORDER

This matter is before the court on the United States' motion to dismiss (Doc. 23), plaintiff's response thereto (Doc. 26), the United States' reply (Doc. 33), and plaintiff's response to the United States' reply (Doc. 34). The court finds that this court lacks subject matter jurisdiction. Therefore, the United States' motion is due to be GRANTED.

Plaintiff filed this action, pro se, seeking damages resulting from his court-martial conviction and related proceedings. The United States moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim.

Rule 8 of the Federal Rules of Civil Procedure requires that federal courts give pleadings a liberal reading in the face of a motion to dismiss. GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir.1998). "This admonition is particularly true when the parties are proceeding pro se." Id. As the Eleventh Circuit has noted:

> Courts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education. See, e.g., Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir.1990). Yet even in the case of pro se litigants this leniency does not give a court license to serve as de facto counsel for a party, see Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir.1991), or to rewrite an otherwise deficient pleading in order to sustain an action, see Pontier v. City of Clearwater, 881 F.Supp. 1565, 1568 (M.D.Fla.1995).

GJR Investments Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998). Thus,

while plaintiff's complaint should be read liberally, the court will not fabricate a jurisdictional basis that is not apparent from the complaint.

The United States contends that, to the extent plaintiff's allegations fall under the Federal Tort Claims Act (FTCA), he has not filed an administrative claim against the Department of the Navy prior to filing this action and, therefore, the court lacks subject matter jurisdiction over such claims.   Plaintiff appears to concede that such claims would not be properly asserted in this action and has filed a second amended complaint that, according to plaintiff, leaves out his FTCA claims.

The United States also contends that, to the extent plaintiff's claims could be construed as a collateral attack on plaintiff's court-martial conviction, the claims should be dismissed under the abstention doctrine created by the Supreme Court in Schlesinger v. Councilman, 420 U.S. 738, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975).  Federal courts must refrain from using their equitable powers to intervene in military prosecutions except under extraordinary circumstances. Id., at 753-58 (analogizing from Younger v. Harris, 401 U.S. 37, 43-54, 91 S.Ct. 746, 750-55, 27 L.Ed.2d 669 (1971)).   With the exception of the Supreme Court's limited certiorari jurisdiction, Article III courts lack authority to review court-martial determinations directly. Id. at 746.  In response, plaintiff contends that the issues before the court are not identical to the issues pending in the military justice system.  According to plaintiff, the current issues in the instant case are as follows:

    1. malicious prosecution,

    2. violation of right to speedy post trial review of court martial,

    3. violation of right to a speedy trial,

    4. wrongful imprisonment,

    5. ineffective assistance of counsel, and

6. "disapproved prison sentence compensation."

(Doc. 34 pp. 8-9). Plaintiff states that only his claims of ineffective assistance of counsel and the violation of his right to a timely review on appeal are currently pending in the military judicial system. Plaintiff contends that he is not asking the court to review any errors of fact or military law. However, the court disagrees. To find in favor of plaintiff on any of the above claims would require the court to review plaintiff's court-martial proceedings and determine whether plaintiff's prosecution, sentencing, and other treatment were appropriate under military law.

Plaintiff does not cite grounds for subject matter jurisdiction or any applicable waiver of sovereign immunity. "Federal courts are courts of limited jurisdiction." Burns v. Windsor Co., 31 F.3d 1092, 1095 (11th Cir. 1994). Mere reference by the plaintiff to due process violations and to constitutional violations is insufficient to assert a federal claim. See Adams v. Robertson, 520 U.S. 83, 89, n. 3, 117 S.Ct. 1028, 137 L.Ed.2d 203 (1997) (per curiam) (concluding that "passing invocations of 'due process' " that "fail to cite the Federal Constitution or any cases relying on the Fourteenth Amendment" do not "meet our minimal requirement that it must be clear that a federal claim was presented"); Webb v. Webb, 451 U.S. 493, 496, 101 S.Ct. 1889, 68 L.Ed.2d 392 (1981) (finding a reference to "full faith and credit" insufficient to raise a federal claim without a reference to the U.S. Constitution or to any cases relying on it); Oxley Stave Co. v. Butler County, 166 U.S. 648, 655, 17 S.Ct. 709, 41 L.Ed. 1149 (1897) (a party's intent to invoke the Federal Constitution must be "unmistakably" declared, and the statutory requirement is not met if "the purpose of the party to assert a Federal right is left to mere inference").

Plaintiff cites no grounds for subject matter jurisdiction or an applicable waiver of sovereign immunity. The United States may be sued for monetary damages only to the extent that it has

expressly and unambiguously consented to being sued.  United States v. Dalm, 494 U.S. 596, 608

(1990); Preserve Endangered Areas of Cobb's History, Inc. v. United States Army Corps of

Engineers, 87 F.3d 1242, 1249(11th Cir. 1996).  As this court has previously stated:

> It is axiomatic that the United States, as a sovereign, may not be sued without its
> consent. See Stoecklin v. United States, 943 F.2d 42, 43 (11th Cir.1991).  When a
> lack of consent to suit by the Government is shown, dismissal of the claim for lack of
> subject matter jurisdiction is appropriate

> Moreover, a plaintiff bears the burden of asserting specific provisions waiving the
> sovereign immunity of the United States. See Holloman v. Watt, 708 F.2d 1399, 1401
> (9th Cir.1983), cert. denied, 466 U.S. 958 (1984).  Additionally, the terms of the
> consent define a federal court's jurisdiction, and "any waiver of sovereignty immunity
> must be explicit and will be strictly construed." See Raulerson v. United States, 786
> F.2d 1090, 1091 (11th Cir.1986).  Any doubts as to a possible waiver of sovereign
> immunity of the Government must be resolved in favor of the Government. See United
> States v. Dalm, 494 U.S. 596, 608 (1990).

Finklea v. U.S., 2001 WL 103005, *3 (S.D. Ala. Jan 30, 2001).  Here, plaintiff has not shown, and

this court has not found, a statutory waiver of sovereign immunity for plaintiff's claims. Thus, dismissal is

warranted because the court lacks subject matter jurisdiction.

## CONCLUSION

For the reasons stated above, the motion of the United States to dismiss plaintiff's complaint is

**GRANTED** and this case is hereby **DISMISSED**.

**DONE and ORDERED** this 2nd day of September, 2005.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE

4